# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID MICHAEL STEINHAUER,           )
                                    )
    Petitioner,                     )   3: 08-cv-0619-LRH-VPC
                                    )
vs.                                 )
                                    )   **ORDER**
E. K. McDANIEL, *et al.,*           )
                                    )
    Respondents.                    )
_____/

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Pending before the court is respondents' motion to dismiss. (Docket #36.) Petitioner opposes the motion.

## PROCEDURAL HISTORY

Following a jury trial in the Second Judicial District Court, petitioner was convicted on April 16, 1996, of first degree kidnaping and sexual assault. Exhibit 1.[1] The district court adjudicated petitioner a habitual criminal and sentenced him to serve a term of life in the Nevada State Prison without possibility of parole.

Petitioner filed a direct appeal. Exhibit 6. The Nevada Supreme Court affirmed petitioner's judgment and sentence on June 5, 2003. Exhibit 6. Remittitur was issued on July 1, 2003. Exhibit 8.

On July 21, 2003, petitioner filed a post-conviction petition for writ of habeas corpus in the

---

[1] Unless otherwise indicated, all exhibits referred to are those filed in conjunction with the motion to dismiss and are found at docket #38.

1  Second Judicial District Court.  Exhibit 9.  The district court dismissed the petition on October 13,
2  2006.  *Id*.

3  Petitioner appealed from the denial of his petition.  Exhibit 12.  On March 6, 2008, the
4  Nevada Supreme Court affirmed the dismissal of the petition and remanded the matter for a new
5  sentencing hearing because the state court had failed to impose a sentence for both crimes of which
6  petitioner had been convicted.  *Id*.

7  On November 20, 2007, petitioner filed a document which the state district court construed
8  as another habeas petition.  Exhibit 15.  Pursuant to NRS 34.750 and NRS 34.770, the district court
9  declined to appoint counsel to represent petitioner or to conduct an evidentiary hearing.  *Id.*  The
10 district court denied the petition on February 5, 2008.  Exhibit 15.

11 Petitioner appealed from the denial of his second state petition.  Exhibit 16.  On October 28,
12 2008, the Nevada Supreme Court affirmed the denial of the petition.  *Id*.  Remittitur issued
13 November 25, 2008.  Exhibit 18.

14 The present federal action for writ of habeas corpus commenced November 21, 2008.
15 Respondents filed their motion to dismiss on September 24, 2009.  (Docket #36.)

16 **LEGAL STANDARDS**

17 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
18 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
19 *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
20 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97
21 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
22 *grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
23 to cases filed after statute's enactment).  The instant petition was filed after the enactment of the
24 AEDPA, thus it is governed by its provisions.

25 This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
26 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
27 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

28 The AEDPA altered the standard of review that a federal habeas court must apply with

1 respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v.*
2 *Taylor*, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
3 not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
4 involved an unreasonable application of, clearly established Federal law, as determined by the
5 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
6 determination of the facts in light of the evidence presented in the State Court proceeding." 28
7 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
8 Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120
9 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
10 concludes in its independent judgment that the relevant state-court decision applied clearly
11 established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted).  "Rather,
12 that application must be objectively unreasonable." *Id*. (citations omitted).
13   While habeas corpus relief is an important instrument to assure that individuals are
14 constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
15 *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
16 conviction is the primary method for a petitioner to challenge that conviction. *Brecht v.*
17 *Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
18 determinations must be presumed correct, and the federal court must accept all factual findings made
19 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
20 convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769
21 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380,
22 1388 (9th Cir. 1997).

23 **DISCUSSION**

24   Respondents move to dismiss this petition on the ground that each of the claims presented is
25 unexhausted.  Petitioner opposes the motion.
26   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
27 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
28 exhaustion doctrine is based on comity to the state court and gives the state court the initial

1  opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501
2  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198,
3  1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).
4         A petitioner can satisfy the exhaustion requirement by providing the highest state court with
5  "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314
6  F.3d 371, 371 (9th Cir. 2002), *citing  Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995)
7   A federal court will find that the highest state court was given a full and fair opportunity to hear a
8  claim if the petitioner has presented the highest state court with the claim's factual and legal basis.
9  *Duncan v. Henry*, 513 U.S. at  365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*, 504
10 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have
11 specifically told the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S.
12 at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).  A petitioner can
13 accomplish this by explicitly citing federal law or the decisions of the federal courts. *Sandgathe*, 314
14 F.3d at 376.  "General appeals to broad constitutional principles, such as due process, equal
15 protection, and the right to a fair trial, are insufficient to establish exhaustion."  *Hiivala v. Wood*, 195
16 F.3d 1098, 1106 (9th Cir. 1999); *see, Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
17 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
18 argument might be "self-evident.").  However, the Ninth Circuit has held that "for purposes of
19 exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose
20 as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158
21 (9th Cir. 2003).  Further, the Ninth Circuit has held that even if a petitioner did not raise a
22 constitutional issue in a manner which would otherwise be deemed sufficient, the claim is exhausted
23 if the state court actually considered and decided the issue. *Sandgathe* , 314 F.3d at 376-77.
24 Ground 1
25    In ground one, petitioner contends that his convictions must be overturned because they rest
26 in large part on improperly admitted prior bad acts evidence.  Petitioner claims that this evidence
27 worked to his undue prejudice and denied him the right to a fair trial in violation of his Fifth, Sixth,
28 Eighth, and Fourteenth Amendment rights under the United States Constitution.  Petitioner argues

4

specifically that the trial court erred in admitting evidence of his 1996 conviction on the ground that it showed a propensity to commit the crime in question in the present case. Petitioner claims that the prosecution was closely monitoring his mail to his family, and opening and copying his letters to his mother in which he spoke of trial strategy and how the sex act in question was consensual. Petitioner claims that he exhausted this claim on direct appeal.

After reviewing the parties' arguments, the court must agree with respondents that while petitioner makes a passing reference to the due process clause of the Fourteenth Amendment and its protection against conviction except on proof beyond a reasonable doubt in his brief on direct appeal, the claim presented to the Nevada Supreme Court was one of the admissibility of evidence under state law. The claim was brought under NRS 48.045(2), and three Nevada cases: *McMichael v. State*, 94 Nev. 184, 577 P.2d 398 (1978); *Findley v. State*, 94 Nev. 212, 577 P.2d 867 (1978); and *Braunstein v. State*, 118 Nev. 68, 40 P.3d 413 (2002). Further, petitioner did not present a claim on direct appeal that the prosecution was opening his mail. Having presented neither the ground one's legal nor factual basis to the Nevada Supreme Court, petitioner has failed to comply with the requirement that he provide the Nevada Supreme Court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314 F.3d at 371. The court thus concludes that ground 1 is unexhausted and will be dismissed.

Ground 2

In ground 2, petitioner contends that he is entitled to a new trial based on newly discovered DNA evidence which excludes him as the father of the victim's child. He also argues that it was ineffective assistance of appellate counsel for counsel to fail to present an argument based on that fact as demonstrated by the family court evidence which was mailed to petitioner from the Washoe County Department of Social Services. Petitioner argues that the newly discovered evidence refutes the victim's trial testimony that she was a lesbian. He argues that the cumulative effect of these errors rendered his trial unfair, and claims that his rights under the Fifth, Sixth and Fourteenth Amendments were thereby violated. He asserts that he presented these claims to the Nevada Supreme Court in the appeal from the denial of his post-conviction habeas petition.

While petitioner did present a claim in his appeal from the denial of his first state habeas

action that the cumulative effect of counsel's errors rendered his conviction invalid, he did not invoke any constitutional basis for that claim. Exhibit 10, p. 5. Petitioner's claim that newly discovered DNA evidence showing that he was not the father of the victim's baby warrants a new trial was likewise made based on state law. Exhibit 10, p. 5-7. Petitioner's citation to *United States v. Sitton*, 968 F.2d 947, 958-59 (9th Cir. 1992), *cert. denied*, 507 U.S. 929, 122 L.Ed.2d 695, 113 S.Ct. 1306 (1993), did not transform the state claim into a federal claim. The cited portion of *Sitton* deals with the standard for a new trial under Rule 33, Federal Rules of Criminal Procedure. Therefore, petitioner did not present ground two's legal basis to the Nevada Supreme Court. Finally, petitioner's claim of ineffective assistance of appellate counsel was likewise not presented to the Nevada Supreme Court. The court thus concludes that ground two is unexhausted and will be dismissed.

Ground 3

In ground three, petitioner contends that his rights under the Fifth, Sixth and Fourteenth Amendments were violated because trial counsel failed to properly move for the introduction of the "relevant sexual history of the victim." Petitioner claims that counsel was ineffective for failing to bring out the fact that the victim, who was pregnant at the time of trial, was not impregnated by petitioner, but by someone else, and that this refuted her testimony that she would not have sex with petitioner because she was gay. Petitioner claims that his counsel was ineffective for failing to expose the victim's bisexuality, or "impeachment evidence," or to test her credibility or to expose her bias. Petitioner asserts that he exhausted these claims in his appeal from the denial of his state post-conviction petition.

In his appeal from the denial of his state post-conviction petition, petitioner claimed that trial counsel was ineffective for "bringing out the fact that the alleged victim was not impregnated by Steinhauer, but someone else and this fact refuted the implication that she would not have had sex with him because she was gay." (Docket #38-11, p. 7.) In making this argument, petitioner cited the Confrontation Clause of the United States Constitution, and the Sixth and Fourteenth Amendments.

Petitioner did not present a claim based on the Fifth Amendment to the Nevada Supreme Court which was related to ground three. Accordingly, to the extent that ground three is based on

the Fifth Amendment it is unexhausted and will be dismissed. As respondents point out, petitioner's use of the phrase "relevant sexual history of the victim" can be construed to be much broader than the claim presented to the Nevada Supreme Court. Accordingly, to the extent that petitioner's claim exceeds the claim considered by the Nevada Supreme Court that "trial counsel was ineffective for failing to present evidence of the victim's bisexuality or evidence pertaining to the identity of the biological father of the child the victim delivered two months before trial," it is unexhausted and will be dismissed.

Ground 4

In ground four petitioner contends that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated because trial counsel lost a valuable piece of evidence. The alleged evidence in question is a card with the victim's phone number on it. Petitioner claims that this evidence would have demonstrated, contrary to the victim's testimony, that they were not strangers. He claims that he exhausted this claim by presenting it to the Nevada Supreme Court in the appeal of the denial of his state post-conviction petition.

In presenting this claim to the Nevada Supreme Court, petitioner made an ineffective assistance of counsel claim, without reference to the Fifth Amendment. This legal basis for the claim not having been presented to the Nevada Supreme Court, ground four is unexhausted to the extent that it is based on the Fifth Amendment.

Ground 5

In ground five, petitioner contends that he was denied his right to conflict free counsel, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments. He claims that the trial court erred when it refused to allow counsel to withdraw because petitioner had reported him, his counsel, to the state bar. He also claims that the trial court should have allowed counsel to withdraw because he and petitioner stated on the record that they had "no confidence" in each other. Petitioner further claims that his counsel harbored animosity which caused counsel to remain quiet on crucial matters, such as having no expert witnesses, making no challenges to the victim's medical examination, posing no questions regarding "gay" sex tools, failing to investigate, and losing evidence. Petitioner asserts that he exhausted these claims in his appeal from the denial of his state post-conviction

1  habeas corpus action.

2  As respondents argue, petitioner presented no claims to the Nevada Supreme Court based on
3  the facts asserted in ground five which rested on the Fifth or Eighth Amendments. Because these
4  legal bases for ground five were not presented to the state's highs court, they are unexhausted.

5  Further, a review of the record shows that petitioner did not argue to the Nevada Supreme
6  Court that a conflict of interest existed because he had turned his counsel into the state bar. He also
7  did not argue that his counsel harbored animosity which caused counsel to remain quiet on crucial
8  matters. Therefore, petitioner has not complied with the requirement that he present the state's high
9  court with his claims' factual basis. *See Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719
10 (1992). Therefore, those claims within ground five are unexhausted.

11 Ground 6

12 In ground six, petitioner contends that the "individual and collective" failures of trial counsel
13 prejudiced him in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. Specifically,
14 petitioner claims that he was allowed no expert witnesses to refute the state's experts, that evidence
15 was lost, and that the trial court admitted highly volatile and prejudicial prior bad act evidence. He
16 claims that trial counsel failed to properly investigate the alleged victim and failed to challenge the
17 follow-up medical exam which attributed injuries to petitioner. He claims that but for the individual
18 and collective failures of trial counsel, it is unlikely that the jury would have found that the sexual
19 encounter in question was not consensual. He concludes that the "flowing prejudice" from the
20 cumulative errors by the trial court, trial counsel, and appellate counsel rendered his trial
21 fundamentally unfair. Petitioner asserts that these claims were exhausted in his appeal to the Nevada
22 Supreme Court from the denial of his post-conviction petition for writ of habeas corpus.

23 While petitioner did reference cumulative error in his appeal, his entire claim was that
24 cumulative error, along with the alleged breakdown in the attorney client relationship, "undermine[s]
25 confidence in the trial result." (Docket #38-11, p. 5.) Petitioner did not invoke any constitutional
26 basis for his claim. The court therefore finds that petitioner failed to provide the Nevada Supreme
27 Court with ground six's legal basis. Further, the only factual basis for cumulative error alleged by
28 petitioner in his appeal was that the district court erred in concluding that his newly discovered

evidence that he was not the father of the child would have had no impact on the outcome of the trial, and in concluding that evidence of the victim's bisexuality and the alleged fact that petitioner and the victim knew each other before the crimes would not have had an impact on the trial. He makes no claim of cumulative error by either trial or appellate counsel. Ground six is therefore unexhausted. *See Duncan v. Henry*, 513 U.S. at 365, 115 S.Ct. at 888.

Ground 7

On November 20, 2007, petitioner filed a document entitled "supplement to petition for writ of habeas corpus." Exhibit 15. The state district court construed this as another habeas petition. *Id*. The district court denied the petition on February 5, 2008, finding that the petition was untimely under NRS 34.726 and also successive. Exhibit 15. Petitioner appealed from the denial of this second state petition. Exhibit 16. On October 28, 2008, the Nevada Supreme Court affirmed the denial of the petition, holding as follows:

> In his petition, appellant argued that his trial counsel and his appellate counsel were ineffective for failing to argue that a previous conviction for battery with the intent to commit sexual assault should not be used by the district court to adjudicate him a habitual criminal.
> Appellant filed his petition more than four years after this court issued the remittitur from his direct appeal. Thus, appellant's petition was untimely filed. [Footnote 3.] Moreover, appellant's petition constituted an abuse of the writ as his claims could have been raised in his previous post-conviction petition for writ of habeas corpus. [Footnote 4.] Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. [Footnote 5.]
> Appellant argued that his procedural default should be excused because his appellate attorney did not raise claims regarding his previous conviction for battery with the intent to commit sexual assault on direct appeal or in his previous petition for a writ of habeas corpus, he had limited knowledge of the law, and the issues involved were complex. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred. Appellant failed to demonstrate that an impediment external to the defense excused his procedural defects. [Footnote 6.] Appellant previously pursued a timely post-conviction petition for a writ of habeas corpus, and appellant failed to demonstrate that he could not have raised this claim in that petition. [Footnote 7.] Further, limited knowledge of the law does not constitute good cause to excuse the filing of an untimely petition. [Footnote 8.] Therefore, we conclude that the district court did not err in denying the petition.

> Footnote 3: <u>See</u> NRS 34.726(1).
>
> Footnote 4: <u>See</u> NRS 34.810(2).
>
> Footnote 5: <u>See</u> NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).
>
> Footnote 6: <u>See</u> <u>Hathaway v. State</u>, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003);

> Lozado v. State, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994).
>
> Footnote 7: See Hathaway, 119 Nev. at 252-253, 71 P.3d at 506.
>
> Footnote 8: See generally Phelps v. Director, Prisons, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

*Id*.  Remittitur issued November 25, 2008.  Exhibit 18.

In ground seven, petitioner challenges the Nevada Supreme Court's ruling on his second habeas petition, stating candidly that he is not quite sure how to frame this challenge.  He argues in part that the state court failed to liberally construe his second habeas corpus petition, by failing to construe his "supplement to petition for writ of habeas corpus" as part of his first petition.  As respondents argue, this argument should have been taken up in state court.  Furthermore, the state district court denied petitioner's first petition more than a year before petitioner filed his "supplement."  Therefore it is unclear how it could have been construed as part of the first petition.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have

1  prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In addition, a petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496).

In affirming the decision of the district court denying ground one of the petition for writ of habeas corpus, the Nevada Supreme Court cited NRS 34.810(1)(b)(2).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.[2]  *Vang v. Nevada*, 329 F.3d

---

[2]  NRS 34.810 provides in part as follows:

> 1. The court shall dismiss a petition if the court determines that:
>
> (a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.
>
> (b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:
>
> (1) Presented to the trial court;
>
> (2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief; or
>
> (3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence,

11

1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). It has similarly held that the timeliness bar applied in this case - - NRS 34.726 - - is an independent and adequate state ground for finding procedural default. *Loveland v. Hatcher*, 231 F.3d 640, 642 (9th Cir. 2000).

Petitioner claims that he can demonstrate cause for his failure to comply with Nevada's procedural rules because the factual basis of his supplemental claim was not available at the time of his direct appeal or first habeas corpus petition. Specifically, he argues that the decision of the Nevada Supreme Court on appeal of first habeas corpus petition, remanding the case to the district court for correction of petitioner's sentence to reflect his conviction of two offenses, has collateral consequences which formed the basis of his "supplement." This argument is nonsensical. Petitioner filed his supplement on November 20, 2007, some four months before the Nevada Supreme Court issued its opinion in the appeal of the denial of petitioner's first habeas corpus petition on March 6, 2008. Thus the Nevada Supreme Court's decision in petitioner's appeal of the denial of his first habeas corpus petition could not have formed the basis of his "supplement." Having found that petitioner has failed to establish cause for his procedural default, the court finds it unnecessary to address the issue of prejudice. The court concludes that ground seven is procedurally barred and therefore will not address it.

## CONCLUSION

In summary, the court finds as follows as to each ground for relief: 1) ground one is unexhausted; 2) ground two is unexhausted; 3) ground three is unexhausted to the extent that is based on the Fifth Amendment and to the extent that the "relevant sexual history of the victim" can be construed to be broader than the claim considered by the Nevada Supreme Court that "trial counsel was ineffective for failing to present evidence of the victim's bisexuality or evidence pertaining to the identity of the biological father of the child the victim delivered two months before trial;" 4) ground four is unexhausted to the extent that it is based on the Fifth Amendment;

---

unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.

5) ground five is unexhausted to the extent that it is based on Fifth or Eighth Amendments or on claims that a conflict of interest existed because petitioner reported his counsel into the state bar or that his counsel harbored animosity which caused him to remain quiet on crucial matters; 6) ground six is unexhausted; and 7) ground seven is procedurally barred. Consequently, the court finds the petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the petition is mixed, the court will grant the motion to dismiss in part, and deny it in part. However, in view of *Rhines*, before the court determines how to handle petitioner's mixed petition, the court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims by filing with the court a sworn declaration of abandonment, signed by the petitioner, himself.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #36) is

1 **GRANTED IN PART AND DENIED IN PART**.  The court finds grounds one, two, three, four, five, and six to be at least partially unexhausted in state court as described above.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.  Respondents shall thereafter have twenty (20) days to respond.  Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims by filing a sworn declaration of abandonment, signed by the petitioner himself.  This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss is **GRANTED** as to ground seven.  Ground seven is **DISMISSED** with prejudice as procedurally barred.

DATED this 19th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE